# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00116-CR

**Leandre Morris III, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
### NO. D-1-DC-14-302453, HONORABLE BOB PERKINS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*.[1]  A jury convicted appellant Leandre Morris III of the offense of aggravated robbery, enhanced by a prior conviction for aggravated robbery to habitual offender status.[2]  The jury then assessed punishment for appellant at fifty years' imprisonment.

Evidence considered by the jury included the testimony of Homero Hernandez, the assistant manager of the Burger King on East Riverside in Austin, Texas.  Hernandez testified that he was on duty when the burglary occurred.  According to Hernandez, a short, thin, dark-skinned male entered the restaurant, walking with a slight limp, and demanded all of the restaurant's cash. Hernandez recalled that the man wore black gloves, dark clothes, and a Presidential Halloween

---

[1]  386 U.S. 738 (1967).

[2]  *See* Tex. Penal Code §§ 29.03; 12.42(c)(1).

mask, and carried a gun and a white and red plastic grocery bag. Hernandez testified that he handed over all of the bills in the cash registers but he denied having access to the manager's safe. He further testified that, after handing over the money, a scuffle ensued and he fled out of the restaurant, where he saw Marcos Gomez, another employee, calling 911. Hernandez explained that the burglar exited the building, pointed his gun toward Hernandez and Gomez on the sidewalk, and fired three shots at Gomez, wounding him severely, as Hernandez ran away. Hernandez testified that when he turned back toward the building, he watched the burglar drive off in a white SUV with temporary tags that said "Long Motors." Hernandez's testimony was corroborated by similar testimony from Gomez and other employees on the scene.

The State also introduced testimony from an employee at Long Motors and the investigating officers. The Long Motors employee testified that Morris had purchased the white SUV shortly before the date of the burglary. The employee also recalled that Morris was a short, thin, dark-skinned male who walked with a limp. The investigating officers testified that, using information gathered from Long Motors, the crime scene, and a confidential informant, they identified Morris, located his whereabouts, and executed an arrest warrant on him and a search warrant on his hotel room. The officers testified that they found black gloves, black clothes, a Ronald Reagan mask, and a white and red plastic grocery bag in Morris's hotel room. They also found a folder containing paperwork for the purchase of the white SUV from Long Motors and a revolver with three expended cartridges matching the type of handgun that caused Gomez's injuries.

Based on the above and other evidence, Morris was indicted for aggravated robbery, enhanced with a prior conviction for another offense of aggravated robbery. At trial, the jury found Morris guilty of the charged offense and assessed punishment at fifty years' imprisonment. The district court rendered judgment on the verdict, and this appeal followed.

Morris's court-appointed counsel has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3] Counsel has certified to the Court that he has provided a copy of the motion and brief to Morris, advised Morris of his right to examine the appellate record and file a pro se response, and supplied Morris with a form motion for pro se access to the appellate record.[4] No pro se brief or other written response has been filed.

We have reviewed the record and counsel's brief. We agree with counsel that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.

_____

Bob Pemberton, Justice

---

[3] *See* 386 U.S. at 744–45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972).

[4] *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

Before Justices Puryear, Pemberton, and Goodwin

Affirmed

Filed:   July 21, 2017

Do Not Publish